District of Oregon
Case 2:22-cv-01726-JR    Document 2    Filed 11/07/22    Page 1 of 15
Corresponds to AO 241
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254
(Rev. 1/20)

Page 2 of 10

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District of Oregon | |
|---|---|---|
| Name (under which you were convicted): Jeffrey Brian Johnson | | Docket or Case No.: 2:22-cv-01726-JR |
| Place of Confinement: Snake River Correctional Institution | | Prisoner (SID) No.: 19323736 |
| Petitioner (include the name under which you were convicted) Jeffrey Brian Johnson | v. | Respondent (authorized person having custody of petitioner) Jamie Miller |
| The Attorney General of the State: | | |

### CONVICTION UNDER ATTACK

1. Name and location of court that entered the judgment of conviction you are challenging:
   Washington County Circuit Court

2. Criminal docket or case number (if known): C13022 8CR

3. (a) Date of judgment of conviction (if known): February 26th 2014
   (b) Date of sentence: March 20th 2014

4. Length of sentence: Life with Twenty five year Minimum

5. Identify all crimes for which you were convicted and sentenced in this case:
   Count 1: Intentional Murder
   Count 2: Unlawful use of a Weapon

6. What was your plea? (Check one)
   [X] Not Guilty        [ ] Guilty
   [ ] Nolo Contendere (No Contest)    [ ] Insanity Plea

   If you entered a guilty plea(s), list what crimes you pleaded guilty to, and what crimes you did not plead guilty to:
   N/A

7. If you pleaded not guilty, what kind of trial did you have? (Check one)
   [X] Jury        [ ] Judge Only

8. Did you testify at trial?
   [ ] Yes        [ ] No

Form 39.060

District of Oregon
Corresponds to AO 241
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254
(Rev. 1/20)

Case 2:22-cv-01726-JR   Document 2   Filed 11/07/22   Page 2 of 15

Page 3 of 10

## EXHAUSTION OF STATE REMEDIES

### DIRECT APPEAL

9. Did you directly appeal from the judgment of conviction?

   ☒ Yes   ☐ No

   a. Name of court: **Oregon Court of Appeals**

   b. Docket or case number (if known): **A156737**

   c. Result: **Written opinion which Affirmed Judgment of Conviction**

   d. Date of result and citation (if known): **November 1st 2017**

   e. Grounds raised:
   
   ① The trial court erred when it excluded the defense experts testimony regarding defendants personal characteristics as irrelevant. ② Trial court erred when it permitted the State to show autopsy photographs to jury over defendants OEC 403 objection.

10. Did you seek further review of the decision on appeal by a higher state court?

    ☒ Yes   ☐ No

    a. Name of court: **Oregon Supreme Court**

    b. Docket or case number (if known): **CA A156737, S065408**

    c. Result: **Review Denied**

    d. Date of result and citation (if known): **January 18th 2018**

    e. Grounds raised:
    
    ① The trial court erred when it excluded the defense experts testimony regarding defendants personal Characteristics as irrelevant. ② Trial court erred when it permitted the State to show autopsy Photographs to jury over defendants OEC 403 Objection.

11. Did you file a petition for certiorari in the United States Supreme Court?

    ☐ Yes   ☒ No

District of Oregon
Corresponds to AO 241
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254
(Rev. 1/20)

Case 2:22-cv-01726-JR    Document 2    Filed 11/07/22    Page 3 of 15

Page 4 of 10

a. Docket or case number (if known): N/A

b. Result: N/A

c. Date of result and citation (if known): N/A

d. Grounds raised:

N/A

12. If you did not directly appeal from the judgment of conviction, explain briefly why you did not:

N/A

## POST-CONVICTION RELIEF

13. Did you file a petition for state post-conviction relief?

[X] Yes    [ ] No

a. Name of court: Malheur County Circuit Court

b. Docket or case number (if known): 18CV16737

c. Nature of proceeding: Post Conviction Relief

d. Did you receive an evidentiary hearing?

[X] Yes    [ ] No

e. Result: Denied

f. Date of result and citation or case number (if known): May 12th 2020

g. Grounds raised: (1) IAC, Failure to object to improper impeachment. (2) IAC's failure to object, Move to strike, request a Cautionary instruction and move for a mistrial to Rebuttal testimony. (3) IAC's Failure to offer expert testimony and evidence of Petitioner's personal Characteristics and (a)thymia in support of EED defense. (4) IAC's Jury instructional Error. (5) IAC's instructional Error. (6) IAC's Cumulative Error.

14. Did you appeal the result of your state post-conviction case?

[X] Yes    [ ] No

Form 39.060

District of Oregon Case 2:22-cv-01726-JR    Document 2    Filed 11/07/22    Page 4 of 15
Corresponds to AO 241
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254
(Rev. 1/20)

Page 5 of 10

a. Name of court: Oregon Court of Appeals
b. Docket or case number (if known): CA174052
c. Result: Affirmed Without Opinion
d. Date of result and citation (if known): March 30th 2022
e. Grounds raised: Same as above (13) g.

See Attached Exhibit #1, 2A, 2B for Opinion and Orders

15. Did you seek further review of the decision on appeal by a higher state court?

☒ Yes   ☐ No

a. Name of court: Oregon Supreme Court
b. Docket or case number (if known): A174052, S069487
c. Result: Review Denied
d. Date of result and citation (if known): July 28th 2022
e. Grounds raised: Same as above (13) g.

See Attached Exhibit #2A, 2B for Orders

16. If you did not appeal from the adverse decision in your state post-conviction case, explain briefly why you did not:

N/A

**GROUNDS FOR RELIEF**

17. For this petition, state *concisely* every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: In order to proceed in the federal court, normally you must exhaust (use up) your available state court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

For your information, the following is a list (a-j) of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise grounds other than those listed.

District of Oregon Case 2:22-cv-01726-JR    Document 2    Filed 11/07/22    Page 5 of 15
Corresponds to AO 241
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254
(Rev. 1/20)                                                                                                Page 6 of 10

    a. Conviction obtained by plea of guilty that was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
    b. Conviction obtained by use of coerced confession.
    c. Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
    d. Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
    e. Conviction obtained by a violation of the privilege against self-incrimination.
    f. Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
    g. Conviction obtained by a violation of the protection against double jeopardy.
    h. Conviction obtained by action of a grand or petit jury that was unconstitutionally selected and impaneled.
    i. Denial of effective assistance of counsel at trial or on appeal.
    j. Denial of right of appeal.

A. Ground One: The trial court erred when it excluded the defense experts testimony regarding defendants personal characteristics as irrelevant.

Supporting FACTS (state *briefly* without citing cases or law): At trial the State objected to testimony by defense expert Robert Stanulis. The trial court agreed with the State and excluded the evidence. The trial court erred in so doing. Defendants evidence was relevant to establish element of EED defense. Exclusion of such evidence was error and prejudicial.

B. Ground Two: Trial Court erred when it permitted the State to show autopsy photos to jury over defendants OEC 403 objection.

Supporting FACTS (state *briefly* without citing cases or law): Deputy State Medical examiner, Dr. Clifford Nelson testified about the results of Ryan Johnsons autopsy. Defense moved to exclude autopsy photos. The trial Court erred when it failed to exclude photos. The trial Courts error was prejudicial.

Form 39.060

District of Oregon
Corresponds to AO 241
Case 2:22-cv-01726-JR    Document 2    Filed 11/07/22    Page 6 of 15
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254
(Rev. 1/20)

Page 7 of 10

C.   Ground Three:

N/A

Supporting FACTS (state *briefly* without citing cases or law):

N/A

D.   Ground Four:

N/A

Supporting FACTS (state *briefly* without citing cases or law):

N/A

## OTHER INFORMATION

18.  Please answer these additional questions about the petition you are filing:

   a.   Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?

   ☒ Yes     ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   N/A

District of Oregon
Corresponds to AO 241
Case 2:22-cv-01726-JR   Document 2   Filed 11/07/22   Page 7 of 15
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254
(Rev. 1/20)
Page 8 of 10

b. Is there any ground in this petition that has not been presented in some state or federal court? If so, indicate which ground or grounds have not been presented, and state your reasons for not presenting them:

*N/A*

19. Do you have any petition or appeal now pending (filed and not decided yet) in any court, state or federal, for the judgment you are challenging here?

☐ Yes    ☒ No

If the answer is "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised:

*N/A*

20. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

a. At preliminary hearing: **Stephanie B Pollan**

b. At arraignment and plea: **N/A**

c. At trial: **Stephen Houze OSB#72126l**

d. At sentencing: **Stephen Houze OSB#72126l**

e. On appeal: **Mary M Reese OSB# 862651**

f. In any post-conviction proceeding: **Noel Grefenson OSB# 882168**

Form 39.060

District of Oregon Case 2:22-cv-01726-JR    Document 2    Filed 11/07/22    Page 8 of 15
Corresponds to AO 241
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254
(Rev. 1/20)

Page 9 of 10

g. On appeal from any adverse ruling in a post-conviction proceeding:
   Jedediа Peterson #084425

21. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?
    ☐ Yes    ☒ No

    a. If yes, in what court was the prior action filed? N/A
    b. What was the prior case number? N/A
    c. Was the prior action:    ☐ Decided on the merits, or
                                 ☐ Dismissed on procedural grounds
    d. Date of decision: N/A
    e. Are there any issues in this petition raised in the prior petition?
       ☐ Yes    N/A    ☐ No
    f. If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this successive petition?
       ☐ Yes*    N/A    ☐ No
       *If the answer is "Yes," you *must* attach a copy of the order received from the Ninth Circuit Court of Appeals.

22. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    ☐ Yes    ☒ No

    a. If so, give the name and location of the court that imposed the sentence to be served in the future:
       N/A
    b. Give the date and length of sentence to be served in the future:
       N/A
    c. Have you filed, or do you contemplate filing, any petition attacking the judgment that imposed the sentence to be served in the future?
       ☐ Yes    ☒ No

District of Oregon  Case 2:22-cv-01726-JR   Document 2   Filed 11/07/22   Page 9 of 15
Corresponds to AO 241
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254
(Rev. 1/20)

Page 10 of 10

23. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition: Filing is within limitations of Federal Guidelines. This Petition Complies with the One Year Statute of limitations as Contained in 28 U.S.C. § 2244(d).

24. Date you are mailing (or handing to correctional officer for mailing) this petition to the Court:*

X 11-7-22

WHEREFORE, petitioner prays that the Court will grant such relief to which he or she may be entitled in this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody.

_____
Signature of Attorney (if any)

### DECLARATION UNDER PENALTY OF PERJURY

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

11-7-22
Date

X _____
Signature of Petitioner

* As noted in the instructions to this form (at #8), if you are incarcerated at Snake River Correctional Institution (SRCI) or Two Rivers Correctional Institution (TRCI), you must comply with the requirements of the E-Filing Program posted at the institution and set forth in Standing Order 2019-7 (for SRCI) or 2019-12 (for TRCI). Accordingly, you must submit your filings in this case to prison staff for scanning and electronic submission, instead of mailing the filing using the U.S. Postal Service. Please indicate the date you submitted this petition to prison staff for scanning and electronic submission.

Form 39.060

ER - 25

Exhibit #1

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MALHEUR
251 B St. W #3  Vale Oregon  97918

JEFFREY B JOHNSON

                              Plaintiff

SID# 19323736:

v.

BRAD CAIN; SNAKE RIVER CORRECTIONAL INST

                              Defendant

**Case No: 18CV16737**
**Washington County Case**
**C120228CR**

**GENERAL JUDGMENT**
**DENYING**
**POST-CONVICTION RELIEF**

This matter came before the court on 3/3/2020 on an action for post-conviction relief.

☐ The Petitioner **withdrew** the following claims:

**Findings of fact** ☐ were made on the record  X included in the legal findings below and X as follows:

Petitioner was 51 years old, married, and a father. His youngest child, Megan, had a few years earlier attended high school during which time Ryan Johnson became her boyfriend. Ryan had a disagreement with his parents and needed a place to live. Petitioner and his wife let Ryan move into the Johnson family home. Megan eventually became pregnant and gave birth to a son, "Ryland." It soon became apparent to petitioner and his wife that Ryan was not ready to be a father and did not want to take on this responsibility, so they asked him to move out of the Johnson family home. Within a few years, Ryan had a change of outlook and wanted to be a parent and father to Ryland. Unfortunately, the relationship between Ryan and Megan had long since ended and they could not get along. Visitation became a problem, amongst other things.

In 2011 there was litigation between Megan and Ryan over visitation. On September 30, 2011, the Washington County Circuit Court awarded legal custody of Ryland to Megan but permitted Ryan to have visitation with his son. On October 12, 2011, Megan obtained a restraining order against Ryan for an incident on October 8, 2011. As a result of this situation, the court judge permitted Ryan to visit Ryland, but ordered petitioner to arrange for and supervise transfer of Ryland between Megan and Ryan. This court order led to petitioner and Ryan exchanging a series of text messages and emails in October 2011 that reflect petitioner's efforts to comply with what he viewed to be his court-ordered mandate and Ryan's resistance to petitioner's interpretation of that mandate.

On November 2, 2011, Megan, Ryan and petitioner appeared before Judge Andrew Erwin, for a hearing on Ryan's motion to contest the October 12th restraining order. During this hearing, Judge Erwin dismissed the restraining order because, although Ryan had harassed Megan, she did not suffer physical injury and was not in fear of him.

During the defense case, Mr. Houze called Ms. Gayle Gothe, a neighbor of Petitioner to testify in support of petitioner's EED defense. On direct, Ms. Gothe informed the jury:
(1) that she was very close with petitioner and his family;
(2) that they had taken in Ryan Johnson during the last two years of his high school,
(3) that although Ryan Johnson depended on petitioner's family, he came and went from their house as he pleased and disrespected them;
(4) that Ryan Johnson impregnated petitioner's daughter, Megan, while living in petitioner's home and was eventually kicked out of the house when he showed little interest in having a child;
(5) that petitioner regularly wore all black attire, and
(6) that Ryan Johnson moved out of petitioner's house.

Mr. Houze then elicited further evidence from Ms. Gothe about her observations of petitioner from which the jury could infer that his mental condition was deteriorating because of his family's problems with Ryan. On direct examination Ms. Gothe testified that in the latter part of 2011, she had a conversation with petitioner in which he expressed his concern and fears for the safety of Ryland and his daughter, Megan. Ms. Gothe recalled seeing petitioner on the sidewalk in front of her house more distraught than she had ever seen him and he was worried about the safety of his daughter, family and grandson.

During cross-examination, the prosecutor questioned Ms. Gothe about a recorded statement that she had given to a Detective Markum during which he played portions of the tape recording. (Ex 9 pp 1412-1418). The prosecution's cross-examination was plainly designed to create an inference that Ms. Gothe fabricated her testimony about petitioner's concern for the safety of his family, daughter and grandson by playing select portions of her interview with a detective two years earlier. Houze did not object to the use of the tape recording during the cross-examination.

During its case-in-chief, the state affirmatively introduced evidence that petitioner had carefully planned the homicide to undermine his EED defense. In turn, during its case-in-chief, the defense sought to negate these inferences with evidence from which the jury could find that the homicide of Ryan Johnson was spontaneous, nonsensical and not carefully planned out at all. After the defense rested petitioner's case, the stated called Detective Gary Jensen as a rebuttal witness. Det. Jensen testified that on the day of the day of the killing, Petitioner had driven past a Bi-Mart where Ryan's step-mother worked in the sporting goods department to another Bi-Mart 1.6 miles further to by oil for the gun Petitioner used in shooting Ryan. Houze did not object to the testimony.

During final instruction and without exception by Mr. Houze, the trial court instructed petitioner's jury on his EED defense as follows:
> "After determining the situation that you believe the defendant found himself to be in, *you must determine whether an ordinary person in that situation would have experienced such extreme emotional disturbance that he would have lost the capacity to control himself and forego the homicide."*

This instruction comes from the Oregon Uniform Criminal Jury Instructions.

In its final written instructions on petitioner's EED defense, the trial court instructed the jury as follows:

> "AFFIRMATIVE DEFENSE--EXTREME EMOTIONAL DISTURBANCE
> An intentional homicide that would otherwise constitute murder is reduced to

       X establish the merits of the claim
       The legal basis for denial of relief is:

Petitioner did not prove that his trial attorney failed to exercise reasonable professional skill and judgment in failing to object to the cross-examination of Gayle Gothe using the recording of her statement to the detective. Ms. Gothe's testimony about petitioner's concerns for Ryland's safety was intended to help establish that petitioner felt overwhelmed by worries and safety concerns and, as a result, became extremely emotionally disturbed. The DDA pointed out some inconsistencies in Gothe's testimony and prior statement. Impeachment through use of a prior inconsistent statement can be appropriate if there is "any material variance between" the witness's prior statement and her trial testimony. Petitioner did not prove that an objection would have legal merit. In addition, trial counsel testified that he made a strategic decision to not object. He felt that the cross did no damage and in fact he felt it actually served to emphasize their central point through her testimony. This was a reasonable strategic decision. By DDA Lewman quibbling with Ms. Gothe about whether her trial testimony was different from her recorded statement to the detective, the point was driven home, multiple times, that petitioner was distraught in the weeks prior to the shooting and was deeply concerned about the safety of both his family and Ryland. Rather than object during the cross-examination, counsel followed up in re-direct and drove the point home about petitioner being distraught and concerned for Ryland's safety. Petitioner has not submitted any evidence to prove that all reasonable trial attorneys would have objected to the portion of DDA Lewman's cross-examination where he played a part of Ms. Gothe's recorded interview with Detective Markum.

Petitioner has also failed to prove prejudice. On balance, DDA Lewman's cross-examination of Ms. Gothe was probably more beneficial than harmful to the defense. At minimum, there is no evidence to prove that the cross-examination was harmful to petitioner. Petitioner argues that there was no real inconsistency between the testimony and the prior recorded statement. If that is the case, the cross-examination could not have prejudiced Petitioner. There is no evidence to prove that an objection would have had legal merit and been granted. Further, there is no evidence to prove that curtailing DDA Lewman's cross-examination in this manner – could have been achieved – would have had a tendency to favorably affect the outcome of petitioner's trial.

**Claim: 2**  is denied because Petitioner failed to:
      ☐ utilize or follow available state procedure
      X establish the merits of the claim
      The legal basis for denial of relief is:

Petitioner did not prove that trial counsel failed to exercise reasonable professional skill and judgment in failing to object to the testimony of Detective Jensen regarding Ryan's stepmother's place of employment at Bi-Mart. According to petitioner, the testimony about Ms. Davis was irrelevant and unfairly prejudicial because there was no proof that petitioner knew (i) Ryan's stepmother or (ii) that she worked in the Bi-Mart store at 185th and Farmington. While there was no specific evidence demonstrating that petitioner knew Ryan's father was a correctional officer and his stepmother worked at Bi-Mart, it would be a fair inference that petitioner knew this information, because Petitioner had essentially a father/son relationship with Ryan during the year or so that Ryan lived in the Johnson family home. It was relevant and admissible for the State to put on evidence that Melissa Davis worked at the Aloha Bi-Mart. Not only did this

committing a homicide. Petitioner has not offered any list of appellate cases in Oregon where the defendant sought only to introduce evidence of mental health conditions and individual characteristics on the first prong, *i.e.*, as evidence only that the defendant had actually experienced an EED. Counsel correctly recognized that he did not have the option of only trying to get subjective evidence into the record as to the first prong, *i.e.*, on the issue of whether the defendant experienced an extreme emotional disturbance. Trial counsel reasonably believed that it would not have been possible for the jury to have considered prong 3 without considering his pacifism, his valuing compromise, his love of his family, and his need to protect his family, when placing an ordinary person in Mr. Johnson's "situation," under the circumstances he reasonably believed them to be, to decide whether a reasonable person in his position would have lost control and shot Ryan Johnson. In accordance with this strategy, counsel argued strenuously in his attempt to persuade Judge Kohl why the defense should be allowed to put on evidence of petitioner's "personal characteristics" to prove what his "situation" was on the day he shot Ryan and in the weeks and months preceding the shooting. Trial counsel's strategy was reasonable, even if unsuccessful. Even if the evidence was somehow relevant to prove that Petitioner did in fact experience an Extreme Emotional Disturbance, he would still have to prove that there was a reasonable explanation for the disturbance. Counsel correctly recognized that he did not have the option of only trying to get subjective evidence into the record as to the first prong while ignoring the third prong. Petitioner has not proven that all reasonable trial attorneys would have argued for admission of the personal character evidence at to prong 1 but not prong 3.

Petitioner has also failed to prove prejudice. Petitioner has not offered any authority for the proposition that evidence of personal characteristics would be admissible with respect to prong 1 of the EED defense or that a trial judge would admit such evidence as to prong 1 but not prong 3. Moreover, there is no evidence that the jury would, in any event, have found that petitioner had established his EED defense, even if somehow the defense could have offered evidence of petitioner's personal characteristics on just the first prong of the analysis. Petitioner has not proven that counsel's decision regarding the character evidence could have had a tendency to affect the outcome of the trail.

**Claim: 4**     is denied because Petitioner failed to:
     ☐ utilize or follow available state procedure
     X establish the merits of the claim
     The legal basis for denial of relief is:

Petitioner did not prove that his trial attorney failed to exercise reasonable professional skill and judgment in failing to object to the court's instruction on Extreme Emotional Disturbance. The instruction followed Uniform Criminal Jury Instruction, No. 1309, on Extreme Emotional Disturbance. The portion of the instruction that petitioner is complaining about states:
> After determining the situation that you believe the defendant found himself to be in, you must determine whether an ordinary person in that situation would have experienced such extreme emotional disturbance that he would have lost the capacity to control himself and forgo the homicide.

The instruction that the court gave was a correct statement of the law. *State v Counts*, 311 Or 616 (1991). The instruction does not, as Petitioner asserts, depart from the statute by focusing the jury's attention on the reasonableness of the homicide rather than the reasonableness of the disturbance. The jury is being asked to consider whether an ordinary reasonable person, in

Exhibit #2A

**FILED: March 30, 2022**

IN THE COURT OF APPEALS OF THE STATE OF OREGON

JEFFREY B. JOHNSON,
Petitioner-Appellant,

v.

BRAD CAIN, Superintendent, Snake River Correctional Institution,
Defendant-Respondent.

Malheur County Circuit Court
18CV16737

A174052

J. Burdette Pratt, Senior Judge.

Submitted on March 07, 2022.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

Attorney for Appellant: Jedediah Peterson.

Attorney for Respondent: Peenesh Shah.

**AFFIRMED WITHOUT OPINION**

---

### DESIGNATION OF PREVAILING PARTY AND AWARD OF COSTS

Prevailing party:   Respondent

[ ]  No costs allowed.
[X]  Costs allowed, payable by Appellant.

Exhibit #2B

# IN THE SUPREME COURT OF THE STATE OF OREGON

JEFFREY B. JOHNSON,
Petitioner-Appellant,
Petitioner on Review,

v.

BRAD CAIN, Superintendent, Snake River Correctional Institution,
Defendant-Respondent,
Respondent on Review.

Court of Appeals
A174052

S069487

## ORDER DENYING REVIEW

Upon consideration by the court.

The court has considered the petition for review and orders that it be denied.

MARTHA L. WALTERS
CHIEF JUSTICE, SUPREME COURT
7/28/2022   10:14 AM

c: Peenesh Shah
   Jedediah Peterson

rtd

**ORDER DENYING REVIEW**
REPLIES SHOULD BE DIRECTED TO: State Court Administrator, Records Section,
Supreme Court Building, 1163 State Street, Salem, OR 97301-2563
Page 1 of 1