Susan F. Wilk
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon  97204
(503) 326-2123 Telephone
(503) 326-5524 Facsimile
Susan_wilk@fd.org

Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JEFFREY BRIAN JOHNSON, | Case No. 2:22-cv-01726-JR |
| Petitioner, | |
| v. | AMENDED PETITION FOR WRIT OF HABEAS CORPUS |
| JAMIE MILLER, Superintendent, Snake River Correctional Institution, | |
| Respondent. | |

The Petitioner, through his attorney, Susan Wilk, hereby petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In support of this amended petition, petitioner makes the following allegations:

1. Petitioner was tried and convicted by a jury of the crime of murder with a firearm, in violation of Or. Rev. Stat. § 163.115, in Washington County Circuit Court Case No. C120228. For this offense, he received a sentence of life imprisonment with the possibility of parole after he

served 300 months. The judgment was entered April 1, 2014. At the trial, he was represented by counsel Stephen Houze.

2.  Petitioner filed a direct appeal from his conviction in Oregon Court of Appeals Case No. A156737. The Oregon Court of Appeals affirmed in a published opinion on November 1, 2017. *State v. Johnson*, 288 Or. App. 528, 406 P.3d 1091 (2017). The Oregon Supreme Court denied review on January 18, 2018.

3.  Petitioner filed a post-conviction petition on April 27, 2018. *Johnson v. Cain, Superintendent*, Malheur County Circuit Court Case No. 18CV16737. He was represented by Noel Grefenson. Following a trial, the court issued a general judgment denying post-conviction relief on May 14, 2020.

4.  Petitioner appealed from the judgment in Oregon Court of Appeals Case Number A174052. On appeal, Petitioner was represented by Jed Peterson. The Court of Appeals affirmed without opinion on March 30, 2022. On July 28, 2022, in Case Number S069487, the Oregon Supreme Court denied review.

Petitioner's convictions and sentence are illegal and contrary to the Constitution of the United States in that:

**Ground I:** The trial court's exclusion of Mr. Johnson's proffered expert testimony concerning his personality traits violated Mr. Johnson's Sixth and Fourteenth Amendment rights to present a defense and to due process of law, where these went to the heart of his extreme emotional disturbance defense and were relevant to the first, subjective prong of the defense.

**Ground II:** The trial court's admission of gruesome autopsy photographs that were only minimally relevant to help the State prove its case violated Mr. Johnson's due process right to a fair trial.

**Ground III:** Petitioner was denied effective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights when his trial attorney failed to:

A. Object to improper impeachment of defense witness Gayle Gothe.

B. Object to rebuttal evidence presented by the prosecution that Mr. Johnson bought gun oil at a Bi-Mart that was not closest to his location, as opposed to a Bi-Mart where the victim's mother worked, in the absence of evidence that Mr. Johnson knew that the victim's mother worked there.

C. Properly present the argument that Mr. Johnson's personality traits of pacifism, non-violence, compromise, devotion to family, and reluctance to share feelings with others were admissible and relevant to the first prong of an extreme emotional disturbance defense, which looks to the defendant's subjective characteristics.

D. Preserve for appellate review the argument that Mr. Johnson's personality traits of pacifism, non-violence, compromise, devotion to family, and reluctance to share feelings with others were admissible and relevant to the first prong of an extreme emotional disturbance defense, which looks to the defendant's subjective characteristics.

E. Object to a jury instruction on Mr. Johnson's extreme emotional disturbance defense that improperly told the jury the defense required them to find that Mr. Johnson "was under the influence of an extreme emotional disturbance to the extent that he lost the capacity to control himself and forego the homicide."

F. Request a jury instruction that would have correctly informed the jury of the elements and findings needed to support an extreme emotional disturbance defense.

**Ground IV:** The errors committed by trial counsel and the trial court, considered cumulatively, prejudicially affected the jury's ability to fairly decide the case and deprived Petitioner of his due process right to a fair trial.

### Relief Requested

For the reasons discussed in the forthcoming brief in support of the instant Amended Petition, as supported by the state-court record, this Court should grant the Writ of Habeas Corpus and order the state of Oregon to release petitioner from custody unless he is retried within a reasonable time. He seeks such other relief as this Court deems just and proper.

### Evidentiary Hearing Requested in the Alternative

Alternatively, petitioner requests an evidentiary hearing on these claims and any procedural defenses raised by respondent.

Respectfully submitted on September 29, 2023.

*/s/ Susan F. Wilk*
Susan F. Wilk
Assistant Federal Public Defender